The Honorable Gene Raff Prosecuting Attorney Helena, Arkansas 72342
Dear Mr. Raff:
This is in response to a request for an opinion authored by Deputy Prosecuting Attorney Fletcher Long, Jr. The question posed is whether a county official acts contrary to Ark. Stat. Ann. 17-4208(1) (Repl. 1979) in dealing with a corporation in which a son-in-law has a substantial interest if a bid process is followed.
17-4208(1) provides as follows:
 (1) Public Trust. The holding of public offices [office] or employment is a public trust created by the confidence which the electorate reposes in the integrity of officers and employees of county government. An officer or employee shall carry out all duties assigned by law for the benefit of the people of the county. The officer or employee may not use their office, the influence created by their office, the influence created by their official position, or information gained by virtue of their position, to advance their individual, or an immediate member of their family, or an associate's personal economic interest, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
As noted in Mr. Long's correspondence, there is no explicit exception to 17-4208(1) relating to a bid process. Even a bid process offers the potential for behavior contrary 17-4208(1). A bid process, however, conceivable offers a defense premised upon the asserted absence of conduct contrary to 17-4208(1) which involves use of the office, the influence created by the official position, or information gained by virtue of the position. The success of such a defense would, of course, depend upon the particular facts involved.
Of additional significance in this instance, however, is the fact that 17-4208 arguably does not extend to a son-in-law. This was the conclusion reached informally by Deputy Attorney General Dan Kennett in correspondence dated October 28, 1986, a copy of which is enclosed. Although 17-4208 does not offer a definition of the phrase "immediate member of their family," a definition is set forth in Ark. Stat. Ann. 14-1101 et seq. (Repl. 1979). 14-1101(k) defines "Immediate Family" as "a spouse, children, parents, brothers and sisters and grandparents." Although this definition governs ethics in public contracting as the state level, it is reasonable to assume that 17-4208 would not be deemed to extend further than 14-1101 et seq. in terms of the class of individuals covered.
The prohibitions contained in 17-4208(3) should, finally, be noted in this instance. This section provides in pertinent part as follows:
 (3) Rules of Conduct. No officer or employee of county government shall:
 (a) be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or (to) accept or receive any property, money, or other valuable thing, for their use or benefit on account of, connected with or growing out of any contact or transaction of the county. . . .
 (c) acquire an interest in any business or undertaking which he has reason to believe may be directly affected to its economic benefit by official action to be taken by county government. . . .
While resolution of this question will of course ultimately turn on the particular facts involved, the county official's dealings with the corporation are likely proscribed by the above-cited provisions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.